UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT CEVASCO, JACK JONES, PATRICK JACKSON, and PAUL RADVANSKY, on behalf of the Allegiant 401(k) Retirement Plan, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLEGIANT TRAVEL COMPANY<br><br>Defendant. | Case No.: 2:22-cv-01741-JAD-DJA<br><br>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT<br><br>ECF No. 80 |

The court heard Plaintiff's Motion for Preliminary Approval of Class Action Settlement [ECF No. 80], which seeks certification of a non-opt-out settlement class and preliminary approval of the settlement of this class action (the "Action") over alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Allegiant 401(k) Retirement Plan (the "Plan") against Defendant Allegiant Travel Company ("Defendant"), on November 12, 2024, and January 6, 2025. The motion is unopposed.

1

The terms of the Settlement are set out in a Class Action Settlement Agreement executed on 8/23/24 (the "Settlement Agreement"). Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement. The "Settlement Class" is defined in this Order below.

Having considered Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Settlement (ECF No. 80) and the Settlement Agreement attached thereto in order to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

<u>**Jurisdiction.**</u> The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

<u>**Class Findings.**</u> The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Local Rules of Civil Procedure for the District of Nevada, and any other applicable law have been met as to the Settlement Class, in that:

(a) The Settlement Class is ascertainable and the Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) The Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c) The Court preliminarily finds that the claims of Plaintiffs are typical of the claims of the Settlement Class.

(d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class;

and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions of this type.

(e) The prosecution of separate actions by individual Members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**Class Certification**. Based on the findings set out above, the Court **PRELIMINARILY CERTIFIES** the following Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) in this litigation (hereinafter the "Settlement Class"):

> All persons who were participants or beneficiaries of the Plan at any time during the Class Period.

The "Class Period" shall be defined as October 17, 2016 through the date of the Preliminary Approval Order. A person was a participant in or beneficiary of the Plans during the Class Period if they had an account balance in any of the Plans during such period.

The Court finds that Wenzel Fenton Cabassa, P.A., McKay Law, LLC, Edelson Lechtzin LLP, and Kind Law have and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the Court designates: Wenzel Fenton Cabassa, P.A., McKay Law, LLC, and Edelson Lechtzin LLP as Class Counsel and Kind Law as Local Counsel, with respect to the Settlement Class in this Action.

The Court finds that Plaintiffs are adequate and typical class representatives for the Settlement Class and, therefore, hereby appoints them as the representatives of the Settlement Class.

The Court finds this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1). Members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**Preliminary Approval of Settlement**. The Settlement documented in the Settlement Agreement is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Settlement Agreement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Final Fairness Hearing**. A hearing (the "Final Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby SCHEDULED to be held before the Court on Friday, May 9, 2025, at 10:00 a.m. PST in Courtroom 6D of the U.S. District Court, 333 Las Vegas Blvd South, Las Vegas, Nevada 89101 to determine finally, among other things:

(a) Whether the Settlement should be approved as fair, reasonable, and adequate;

(b) Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

(c) Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

(d) Whether the Final Approval Order attached to the Stipulation should be entered and whether the Releasees should be released of and from the Released Claims, as provided in the Settlement Agreement;

(e) Whether the notice and notice methodology implemented pursuant to the Settlement Agreement (i) were reasonably calculated, under the circumstances, to apprise Members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(f) Whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Settlement Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(g) Whether the proposed Plan of Allocation of the Net Settlement Amount is fair, reasonable, and adequate and should be approved by the Court;

(h) Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b) and/or qualify for a class exemption from the prohibited transaction rules, including Prohibited Transaction Exemption 2003-39;

(i) Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

(j) Whether case contribution awards should be awarded to Plaintiffs; and

5

(k) Any other issues necessary for approval of the Settlement.

**Class Notice**. The Parties have presented to the Court a proposed Class Notice at ECF No. 80-1 at pp. 37 - 48. The Court **APPROVES** the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Settlement Agreement and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Final Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement. The Parties have proposed the following manner of communicating the notice to Members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that Plaintiffs shall:

> (a) By no later than 60 days before the Final Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated to the last known address of each Member of the Settlement Class who can be identified by reasonable effort.
>
> (b) By no later than 60 days before the Final Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated to the last known e-mail address of each Member of the Settlement Class who can be identified by reasonable effort.
>
> (c) By no later than 60 days before the Final Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be electronically published on a website maintained by the Settlement Administrator.

No later than 7 days before the Final Fairness Hearing, Class Counsel must file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

**Objections to Settlement**. "Objector" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed case contribution award, or to the proposed award of attorney fees and expenses. Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. Any objection must be signed by the Settlement Class member. The Objector must also mail the objection and all supporting law and/or evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are as follows:

| COURT CLERK | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Lloyd D George Courthouse<br>333 Las Vegas Blvd.<br>Las Vegas, NV 89101 | Brandon J. Hill<br>Wenzel Fenton Cabassa, P.A.<br>1110 N. Florida Avenue, Suite 300<br>Tampa, FL 33602<br><br>Michael C. McKay<br>McKay Law, LLC<br>5635 N. Scottsdale Road, Suite 117<br>Scottsdale, AZ 85250<br><br>Eric Lechtzin<br>Edelson Lechtzin LLP<br>411 S. State Street<br>Suite N-300 | René E. Thorne<br>Jackson Lewis P.C.<br>601 Poydras St.<br>Suite 1400<br>New Orleans, LA 70130 |

7

| | Newtown, PA 18940 | |
|---|---|---|

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least 30 calendar days prior to the Final Fairness Hearing. Any Member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

**Appearance at Final Fairness Hearing**. An Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Final Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above and file it with the Court at least 15 calendar days prior to the Final Fairness Hearing. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Final Fairness Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

**Response to Objectors.** The Parties must respond to any Objector at least 7 calendar days prior to the Final Fairness Hearing.

**Compliance with Class Action Fairness Act.** The Settlement Administrator must, on or before 10 calendar days prior to the Final Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and paragraph 2.5 of the Settlement Agreement.

**Notice Expenses**. Reasonable expenses of effectuating Class Notice shall be paid out of the Gross Settlement Amount.

**Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator**. The Court understands that the Plan's fiduciaries have retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. All costs of the Independent Fiduciary shall be paid from the Gross Settlement Amount, subject to a cap of $25,000. The Court understands that the expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of Allocation approved by the Court shall be paid out of the Gross Settlement Amount.

**Application for Attorneys' Fees**. Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for case contribution awards to the Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least 45 calendar days prior to the Final Fairness Hearing.

**Motion for Final Approval of Settlement and Plan of Allocation and Independent Fiduciary's Report**. Class Counsel must file with the Court a motion for entry of the Final Approval Order and approval of the Plan of Allocation at least 45 calendar days prior to the Final Fairness Hearing, and must file with the court a copy of the Independent Fiduciary's determination letter and report at least 10 days before the Final Fairness Hearing.

**Injunction**. Pending final determination of whether the Settlement should be approved, all Members of the Settlement Class and the Plan are each hereby **BARRED AND ENJOINED** from instituting or prosecuting any action that asserts any Released Claim against any Releasees.

**Termination of Settlement**. If the Settlement is terminated in accordance with the Stipulation of Settlement or does not become Final under the terms of the Stipulation of Settlement for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order**. In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice.

**IT IS SO ORDERED.**

DATE:  January 6, 2025

_____
Judge Jennifer A. Dorsey
United States District Court

11